FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 13, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| GENERAL CASUALTY COMPANY OF WISCONSIN, a/s/o Energy Challenges LLC,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED PARCEL SERVICE, INC., a Delaware corporation,<br><br>Defendant. | No. 1:20-CV-03158-JPH<br><br>ORDER STRIKING MOTION FOR SUMMARY JUDGMENT AND AMENDED SCHEDULING ORDER; AND SETTING DEADLINES FOR RESPONSE<br><br>**ECF No. 13** |

Before the Court is United Parcel Service, Inc.'s (an Ohio corporation) Motion for Summary Judgment, ECF No. 13. The parties consented to proceed before a magistrate judge. ECF No. 6. The undersigned has reviewed the motion and the record herein and is fully informed.

This case concerns the interstate shipment of goods by non-party Energy Challenges, LLC, the shipper, which were allegedly damaged during transport and insured by Plaintiff. On October 5, 2020, Plaintiff filed a Complaint naming sole

ORDER - 1

defendant, United Parcel Service, Inc., a Delaware corporation, seeking subrogation in the amount of $19,560.57 under the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 14706, for property loss caused by "the delivering carrier." ECF No. 1 at 3.

For the reasons discussed below, the Motion for Summary Judgment (ECF No. 13) and deadlines remaining in the Scheduling Order (*see* ECF No. 25) are stricken.

**FACTUAL BACKGROUND**

On June 8, 2018, Energy Challenges LLC tendered approximately three pallets of electrical equipment to a third party for shipment from Cudahy, Wisconsin to Goldendale, Washington. ECF No. 1 at 2; ECF No. 16 at 2, ¶ 1. An electronic bill of lading attached as Exhibit A to Plaintiff's Complaint identifies "UPS Freight" as the carrier:

| Carrier: | UPS Freight-UPSG *LTL ONLY* |
|---|---|
| Pro#: | |
| Load#: | 267314009 |

*See* ECF No. 1 at 6; ECF No. 16 at 2, ¶ 2; ECF No. 19 at 5, ¶ 19. The shipping label on one of the allegedly damaged packages contains the tracking number "PRO #441922515" and identifies "UPS Freight" as the carrier. ECF No. 16 at 2, ¶ 3.

ORDER - 2

# PROCEDURAL BACKGROUND

**A. Pleadings**

On October 5, 2020, Plaintiff commenced this action naming "United Parcel Service, Inc., a Delaware corporation" (herein after UPS-Delaware) as the sole defendant, both in the caption and in the body of the Complaint. ECF No. 1 at 1-2. The Complaint also alleged that the defendant has its principal place of business in Atlanta, Georgia and is an "interstate motor carrier operating pursuant to authority issued to it by the Federal Motor Carrier Safety Administration ("FMCSA")." ECF No. 1 at 2, ¶ 2.2. Plaintiff asserts a claim under the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 14706, for property loss caused by "the delivering carrier." ECF No. 1 at 3.

On January 15, 2021, a subsidiary of UPS-Delaware with the same name, "United Parcel Service, Inc.," but organized in the state of Ohio (herein referred to as UPS-Ohio), filed the Answer to the Complaint. ECF No. 3. The Answer includes an admission that UPS-Ohio is a motor carrier, but states it is organized under the law of the state of Ohio, not Delaware. ECF No. 3. UPS-Ohio also filed a corporate disclosure statement, identifying itself as the defendant, an Ohio corporation, and a "wholly owned indirect subsidiary of United Parcel Service, Inc. (a Delaware corporation)." ECF No. 4 at 1. The corporate disclosure statement also reported that "United Parcel Service, Inc. (a Delaware corporation) is publicly

ORDER - 3

traded, has no parent corporation, and no public corporation owns ten percent or more of its stock." ECF No. 4 at 1-2.

After the Answer was filed, Plaintiff never sought to amend the Complaint or correct the caption to name the Ohio subsidiary. UPS-Delaware, the named defendant in the caption, has not appeared. UPS-Ohio did not motion the Court for intervention.

**B. Discovery**

UPS-Ohio, assuming it was the intended defendant, proceeded to investigate this case and engage Plaintiff in discovery. Discovery responses dated April 9, 2021 included the following statement in a footnote:

> The Complaint names United Parcel Service, Inc. as the defendant and alleges that United Parcel Service, Inc., the motor carrier, was the carrier of the package at issue in the litigation. Based on those allegations, UPS understands the Complaint to treat United Parcel Service, Inc., the Ohio company, as the intended defendant, even though the Complaint incorrectly alleges that UPS is incorporated in Delaware.

ECF No. 15-5 at 3, n1; *see also* ECF No. 15-6 at 3 (initial disclosures dated May 14, 2021, noting the Delaware corporation, United Parcel Service, Inc., was named in the Complaint, but that "the small package motor and air carrier, is an Ohio corporation"). On June 25, 2021, defense counsel contacted Plaintiff's counsel and asked if Plaintiff intended to "amend its pleading to name the proper party." ECF No. 15-9 at 2. On June 30, 2021, defense counsel followed up on this email

ORDER - 4

seeking response. ECF No. 15-10 at 2. As of October 15, 2021, defense counsel had not received a response to these June 2021 emails. ECF No. 15 at 5.

### C. Motion for Summary Judgment

On October 15, 2021, UPS-Ohio filed a Motion for Summary Judgment. ECF No. 13. UPS-Ohio seeks dismissal of this action, claiming Plaintiff has misidentified it as a defendant as it was not the carrier of the goods at issue in this case.[1] ECF No. 13 at 8. UPS-Ohio states that "UPS personnel" conducted a search for the tracking number at issue in this case "across several UPS systems," including "UPS's primary tracking system." ECF No. 14 at 2, ¶ 2. The tracking number does not match any shipments in databases searched and does not conform to UPS-Ohio's tracking numbers, which typically start with the prefix "1Z." ECF No. 16 at 2-3, ¶ 5. UPS-Ohio claims to provide "small package carrier" services, not freight. ECF No. 20 at 2. UPS-Ohio informed Plaintiff that it was not the carrier of the subject shipments. ECF No. 16 at 3, ¶ 7. Plaintiff filed a response to the motion, ECF No. 17, and UPS-Ohio replied, ECF Nos. 20.

Although UPS-Delaware has yet to appear in this action, Plaintiff's summary judgment response refers to UPS-Delaware as the defendant, with

---

[1] UPS-Ohio represents in its Reply that it suspects the carrier was UPS Ground Freight, Inc., however, this statement is not supported. ECF No. 20 at 4, n1.

ORDER - 5

references to its status as a publicly traded company with subsidiaries. *See* ECF Nos. 17, 18, 19. Plaintiff contends summary judgment is not appropriate because a question of fact exists as to whether UPS-Delaware should be held liable as the carrier of the subject freight. ECF No. 17 at 5.

## DISCUSSION

The summary judgment materials reflect a fundamental confusion as to the identity of the defendant because two corporations with the name "United Parcel Service, Inc." exist. Plaintiff named the Delaware parent corporation, and the Ohio subsidiary appeared. Generally, a parent company has a separate corporate existence from its subsidiary and is treated separately from the subsidiary in the absence of circumstances justifying disregard of the corporate entity. *See United States v. Bestfoods*, 524 U.S. 51, 61 (1998) ("It is a general principle of corporate law deeply 'ingrained in our economic and legal systems' that a parent corporation ... is not liable for the acts of its subsidiaries"); *Quaker State Dyeing & Finishing Co., Inc., v. ITT Terryphone Corp.*, 461 F.2d 1140, 1142 (3d Cir. 1972) ("[A] subsidiary corporation which is incorporated as a separate entity from its parent corporation is considered to have its own principal place of business."). The law allows a corporation to organize so as to isolate liabilities among separate entities.

ORDER - 6

Here, the caption of the Complaint identifies UPS-Delaware as the only named defendant and it appears it was the only entity summoned. *See* ECF No. 2 (Court issued summons to United Parcel Service, Inc., 55 Glenlake Parkway NE., Atlanta, GA 30328); ECF No. 18 at 11 (SEC filing identifying Atlanta address for UPS-Delaware). Plaintiff has not filed proof of service and the parties' joint status report only indicates that service of process was completed "on defendant" on October 15, 2020. ECF No. 7 at 2. There is no evidence of record that UPS-Ohio was ever served and UPS-Ohio has not motioned the Court to intervene. If UPS-Ohio was not the entity served, it was misguided of UPS-Ohio to ignore the summons and Complaint and assume that the wrong entity had been named. Plaintiff has also failed to acknowledge UPS-Ohio's appearance in this case, recognize it as a separate entity, or respond to statements in the record (and in discovery) asserting the assumption that Plaintiff intended to name a different entity defendant.

Based on the current record, it appears that the subsidiary UPS-Ohio is not the named, served, or intended party in this case, and UPS-Ohio has overlooked the procedural requirements of Federal Rule of Civil Procedure 24 governing intervention. As neither Plaintiff nor UPS-Ohio have addressed these threshold procedural issues, **IT IS HEREBY ORDERED**:

1. UPS-Ohio's Motion for Summary Judgment, **ECF No. 13**, is

**STRICKEN** with leave to renew if it the Court finds it has obtained status as a named or intervening party.

    2. Counsel for Plaintiff and UPS-Ohio shall confer regarding the issues identified in this Order by not later than **January 31, 2022** and file an affidavit attesting to compliance with this directive.  Plaintiff shall file the proof of service of the Complaint by not later than **January 31, 2022**.

    3. By not later than **February 7, 2022**, Plaintiff and UPS-Ohio shall file a response or motion(s), addressing the issues herein.

    4. All remaining deadlines in the amended scheduling order, **ECF No. 25**, including the trial date are **STRICKEN** and will be re-set at a later date.

The District Court Executive is directed to file this Order and provide copies to counsel.

DATED January 13, 2022.

*s/James P. Hutton*
JAMES P. HUTTON
UNITED STATES MAGISTRATE JUDGE

ORDER - 8