FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 02, 2022

SEAN F. McAVOY, CLERK

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| GENERAL CASUALTY COMPANY OF WISCONSIN, a/s/o Energy Challenges LLC,<br><br>Plaintiff,<br><br>v.<br><br>UNITED PARCEL SERVICE, INC., a Delaware corporation,<br><br>Defendant. | No. 1:20-CV-03158-ACE<br><br>**ORDER OF DISMISSAL AND QUASHING SERVICE** |

On July 26, 2022 the Court ordered Plaintiff to show cause why service upon UPS-Ohio should not be quashed and why this case should not be dismissed for failure to timely serve the defendant. ECF No. 34. Plaintiff timely filed a response and declaration of counsel. ECF Nos. 35-36. Plaintiff has consented to proceed before a magistrate judge. ECF No. 6. Defendant has not appeared. The undersigned has reviewed the record and is fully informed. For the reasons set

ORDER - 1

forth below, service of process upon UPS-Ohio is quashed and the Complaint is dismissed without prejudice.

## BACKGROUND

The background of this case is set forth in the Court's orders filed on January 13, 2022 and July 26, 2022. *See* ECF Nos. 26, 34. In short summary, Plaintiff commenced this action on October 5, 2020 seeking recovery of $19,560.57 under the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 14706, for property loss during shipment. ECF No. 1 at 3. Plaintiff named "United Parcel Service, Inc., a Delaware corporation" (UPS-Delaware) as the sole defendant. *Id* at 1. Instead of serving UPS-Delaware, Plaintiff served a subsidiary with the same name organized in the state of Ohio (UPS-Ohio). Believing it was the intended defendant, UPS-Ohio answered the Complaint, denying that it was the carrier of the goods at issue. ECF No. 3. Plaintiff continued to litigate as if UPS-Delaware was before the Court, despite notice by UPS-Ohio and the Court that it was not. *See* ECF No. 34 at 2-4; ECF No. 35 at 3.

On July 26, 2022, the Court ordered Plaintiff to show cause why service on UPS-Ohio should not be quashed and why this case should not be dismissed for insufficiency of service. ECF No. 34. Plaintiff's show cause response acknowledges that UPS-Delaware has never been served and that UPS-Delaware is a parent corporation, not the actual carrier of the goods at issue. *See* ECF No. 35.

ORDER - 2

Plaintiff alleges the identity of the carrier is a "corporate mystery." ECF No. 35 at 9. Plaintiff requests the Court grant it an extension of time to effectuate service upon UPS-Delaware. ECF No. 35 at 1.

## LEGAL STANDARD

Federal Rule of Civil Procedure 4 provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against the defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id*.

Courts have broad but not limitless "discretion to extend time for service under Rule 4(m)," *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007), and may extend time for service even after the Rule 4(m) deadline has expired, *Mann v. Am. Airlines*, 324 F.3d 1088, 1090 (9th Cir. 2003). To help determine whether the court should exercise its discretion, the court considers factors such as: the length of the delay; the reason for the delay; whether defendant knew about the action; prejudice to the defendant because of the delay; whether the complaint was eventually served; and prejudice to the plaintiff if the case were to be dismissed. *See Efaw*, 473 F.3d at 1041. In addition, the Court is mindful that the Federal Rules of Civil Procedure "should be construed, administered, and employed by the

ORDER - 3

court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

## DISCUSSION

### A. Service of Process upon UPS-Ohio

Plaintiff has failed to show cause why service on non-party UPS-Ohio should not be quashed. Accordingly, service upon UPS-Ohio is quashed and the Answer (ECF No. 3) is stricken. The Clerk of the Court will be directed to update the docket sheet to properly reflect the UPS-Ohio's appearance in the case as a non-party movant.

### B. Insufficient Service on UPS-Delaware

The deadline for service on UPS-Delaware expired on January 3, 2021. Plaintiff failed to serve UPS-Delaware. Because Plaintiff does not claim good cause exists for the failure to timely serve UPS-Delaware, ECF No. 35, Rule 4(m) requires the Court to dismiss the action without prejudice or in its discretion, extend the prescribed time for service.

The Court concludes that a dismissal without prejudice, rather than permissive extension, is warranted. First, Plaintiff has not demonstrated any reasonable basis for failing to serve UPS-Delaware in nearly two years. Plaintiff was on notice that it served an entity other than UPS-Delaware when UPS-Ohio filed its Answer and Corporate Disclosure Statement on January 15, 2021. UPS-

ORDER - 4

Ohio also alerted Plaintiff's counsel in discovery and informal communications that UPS-Delaware was named in Complaint, but UPS-Ohio had appeared. *See* ECF No. 34 at 2-4. Plaintiff did not respond, attempt to rectify the defect in service, or even acknowledge it, necessitating the Court raise the issue, strike the summary judgment motions, direct Plaintiff to file proof of service to determine which entity was served, and enter a show cause order. Plaintiff's show cause response continues to conflate UPS-Delaware and UPS-Ohio. *See* ECF No. 35 at (referring to UPS-Ohio's statement of facts while stating "UPS-Delaware failed to present any evidentiary support."). Accordingly, the Court cannot relate the failure of service to inadvertence, mistake, or unfamiliarity with the rules. The length of the delay, the lack of good reason for the delay, and the continued delay after notice that an unnamed entity had appeared, all factor against an extension of time.

Second, Plaintiff has not alleged or shown that it will suffer any prejudice upon dismissal of the Complaint. The Carmack Amendment allows contracting parties to set their own time limitations for filing of a civil action, so long as it is not less than two years from when a carrier denies a claim in writing. *See* 49 U.S.C. § 14706(e)(2). The Complaint alleges a notice of claim was sent to the defendant on July 18, 2018. ECF No. 1 at 3. However, as Plaintiff asserts it has not identified the carrier of its goods, it appears unlikely Plaintiff has received

///

ORDER - 5

written notice of a disallowed claim from the carrier.  The fact Plaintiff has not cited prejudice as a factor here weighs in favor of dismissal.

Finally, instead of addressing permissive extensions under Rule 4(m), Plaintiff's show cause response addresses liability.  Plaintiff asks the Court to "expressly find" "UPS-Delaware, the corporate parent . . . liable for the actions of its wholly [sic] subsidiaries in this case." ECF No. 35 at 9.  Plaintiff asserts UPS-Delaware should be held liable because of the "confusion about the manner and capacity in which UPS-Delaware and its various subsidiaries" have interacted with the shipment at issue.  *Id.*  However, Plaintiff did not plead alter ego or veil-piercing facts or claims, nor any separate non-carrier claims against UPS-Delaware.  The sole claim alleged in the Complaint is under the Carmack Amendment for property loss caused by the delivering carrier.  ECF No. 1 at 3.  Contrary to the allegations in the Complaint, Plaintiff now acknowledges UPS-Delaware was not the delivering carrier.  ECF No. 35 at 9.  As such, the Complaint does not state a plausible claim for relief.  *See Taylor v. Allied Van Lines*, No. CV-08-1218-PHX-GMS, 2008 WL 5225809, at *2-4 (D. Ariz. Dec. 15, 2008) ("To the extent that [parent company] is arguing that it cannot be held liable for any Carmack Amendment claim against Allied absent any allegation of alter ego liability, the Court agrees . . .").  In two years, Plaintiff has never sought leave to

///

ORDER - 6

amend the Complaint to add allegations, claims or parties.[1]  Thus, granting an extension of time to serve UPS-Delaware appears unlikely to facilitate disposition of the case on the merits and would be wasteful of resources.

Plaintiff has pursued this litigation while disregarding key procedural steps.  The deadline for service expired 21 months ago.  Plaintiff's show cause response fails to address the delay in proper service.  Plaintiff served an unnamed entity then continued litigating as though the named defendant was before the Court after notice that it was not.  Contrary to the allegations in the Complaint, Plaintiff now acknowledges that UPS-Delaware is a parent corporation that did not actually transport the goods at issue, yet the Complaint contains no allegations of alter ego liability.  An extension of time is not warranted.

For the foregoing reasons, **IT IS HEREBY ORDERED**:

1. Plaintiff's service of the Summons and Complaint on UPS-Ohio is **QUASHED**.

2. The Answer (**ECF No. 3**) filed by UPS-Ohio is **STRICKEN**.

///

---

[1] On January 31, 2022, UPS-Ohio informed Plaintiff's counsel in a meet and confer that it believed the carrier of the subject goods was UPS Ground Freight, Inc. n/k/a TForce Freight, Inc.  ECF No. 32 at 2.

ORDER - 7

3.     The Clerk of the Court shall update the docket sheet to reflect the appearance and termination of non-party movant: United Parcel Service, Inc., an Ohio corporation.  The docket sheet shall also reflect that attorneys Benjamin Byers and Maia Robbins represent the Ohio corporation, not the defendant.

4.     Plaintiff's requests for an extension of time to effectuate service of process on UPS-Delaware is **DENIED**.  The Complaint is **DISMISSED** without prejudice pursuant to Federal Rule of Civil Procedure 4(m).

**IT IS SO ORDERED.**  The District Court Executive is directed to file this Order, **ENTER JUDGMENT** accordingly, furnish copies to Plaintiff and counsel for UPS-Ohio, and **CLOSE** the file.

DATED November 2, 2022.



_____
ALEXANDER C. EKSTROM
UNITED STATES MAGISTRATE JUDGE

ORDER - 8